UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HOUSEHOLD FINANCE
CORPORATION III,

                Plaintiff,

                                            Case No. 10-cv-751

       v.

STEWART TITLE GUARANTY
COMPANY,

                Defendant.

## PROTECTIVE ORDER REGARDING FEDERALLY PROTECTED AND CONFIDENTIAL INFORMATION

Plaintiff, Household Finance Corporation III, and defendant, Stewart Title Guaranty Company, state as follows:

WHEREAS, the parties believe that certain materials, information and things otherwise discoverable in this case may set forth "nonpublic personal information" that is subject to nondisclosure requirements under the federal Gramm-Leach-Bliley Act of 1999, 15 U.S.C. § 6801 et. seq. ("GLBA Information");

WHEREAS, the parties believe that certain materials, information and things discoverable in this case may consist of trade secrets, proprietary information, confidential research and development information, and/or commercially valuable information that the respective parties maintain in confidence in the ordinary course of business ("Confidential Information");

WHEREAS, the parties have entered into agreements with third parties that contain non-disclosure provisions or other duties of confidentiality;

WHEREAS, the parties reasonably believe that public disclosure of materials, information and things determined to be confidential could cause financial and competitive harms to the disclosing party and third parties;

WHEREAS, the exchange of federally protected or Confidential Information between the parties and/or third parties other than in accordance with this order may cause unnecessary damage and injury to the parties and to others, and therefore good cause exists to limit public disclosure of this information, *see Jepson, Inc. v. Makita Electric Works, Ltd.,* 30 F.3d 854 (7th Cir. 1994); *Citizens First Natl. Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943 (7th Cir. 1999); and

WHEREAS, the parties believe that good cause exists for the entry of this Protective Order, which is narrowly tailored to protect the aforementioned federally protected or Confidential Information of the parties.

By reason of the foregoing, the parties, by their counsel, hereby stipulate pursuant to Fed. R. Civ. P. 26(c), subject to the approval of the Court, to the entry of a protective order in the above-captioned action as follows:

1.  Any person subject to this Order, including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order (collectively, the "Parties" to this Order

and individually, a "Party"), shall adhere to the following terms, upon pain of contempt.

## Protections For GLBA Information

2.      Prior to the disclosure of any material, information or thing, the disclosing party shall redact from the material, information or thing any and all GLBA Information.  Any party seeking the disclosure of GLBA Information may attempt to obtain such information by filing an appropriate motion with the Court.

3.      Inadvertent disclosure of materials containing unredacted GLBA Information shall not be deemed a waiver of confidentiality with regard to similar information, nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed.

## Protections For Confidential Information

4.      Any Party subject to this Order who receives from any other Party any information of any kind provided in the course of discovery in this action, including but not limited to documents or tangible things, deposition testimony or transcripts, responses to interrogatories or requests for admission, or any other discovery produced or obtained through any discovery device provided by the Federal Rules of Civil Procedure ("Discovery Material"), that is designated "CONFIDENTIAL" pursuant to the terms of this Order shall not disclose such confidential Discovery Material to anyone else except as expressly permitted hereunder.

5. The Party producing any given Discovery Material may designate as CONFIDENTIAL such portion of such material as consists of information that is sensitive or proprietary to the producing Party and is not generally available or known by, or not generally shared by, the producing Party with third parties, and which may cause injury to the producing Party if such material is shared with third parties. In order to minimize the application of the restrictions applicable to CONFIDENTIAL materials, the Parties will endeavor to designate as CONFIDENTIAL only those things believed to contain materials which in fact meet the foregoing definition of CONFIDENTIAL.

6. No Party subject to this Order other than the producing Party shall disclose any of the Discovery Material designated by the producing Party as CONFIDENTIAL to any other person, except to:

 (a) outside counsel of record for the Parties, including their partners and associates who assist them in this matter;

 (b) in-house counsel for the Parties who are involved in this matter;

 (c) the clerical employees of outside and in-house counsel for the Parties (including secretaries, paralegals, and clerks) who assist them in this matter, provided, however, that such clerical employees have access to Discovery Material designated CONFIDENTIAL only to the extent necessary to perform their duties;

4

    (d) experts or consultants and their secretarial and clerical personnel, retained to assist counsel of record in this case who become qualified to receive confidential Discovery Material in accordance with the procedure set forth in this Order, provided that they execute the undertaking appended hereto as Exhibit A;

    (e) court reporters involved in transcribing depositions or other proceedings in this litigation and videographers involved in recording depositions to the extent necessary to perform their duties;

    (f) the Court;

    (g) Court personnel involved with this case;

    (h) members of the jury in this case; and

    (i) individuals identified as having been authors or prior recipients of the confidential material or current employees of the producing Party.

  7. Prior to any disclosure of confidential Discovery Material to any person referred to in subparagraph 4(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. CONFIDENTIAL designations shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner. If not practical to so mark the subject material itself, a container for or a tag attached to the confidential Discovery Material shall be so marked. The marking shall state "CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" as appropriate.

9. Rather than marking the original confidential Discovery Material prior to inspection, the producing Party or its counsel may orally designate any material being produced for inspection by counsel for a Party as CONFIDENTIAL, thereby making it, and the information it contains, temporarily subject to this Order. However, each copy of such Discovery Material subsequently delivered to inspecting counsel must be marked CONFIDENTIAL as required by this Order at the time it is so delivered in order to make the Discovery Material and copies subject to this Order.

10. If at any time prior to the trial of this action, a producing Party realizes that some portion[s] of Discovery Material that that Party previously produced without limitation should be designated as CONFIDENTIAL, he/she may so designate by so apprising the receiving Party in writing, and such designated portion[s] of the Discovery Material will thereafter be treated pursuant to the terms of this Order.

11. If, during the course of a deposition taken in this action, any questions are to be asked or any answers are to be given regarding confidential

Discovery Material, then only persons designated pursuant to this Order shall be allowed to be present during such portion of the deposition. This paragraph shall not be deemed to authorize disclosure of any material so designated to any person to whom disclosure is prohibited under this Protective Order.

12. With respect to any deposition, a Party or deponent may, at the deposition, designate the deposition or a portion thereof as CONFIDENTIAL and request the reporter to insert a statement regarding the confidentiality of the information onto each page of the deposition transcript.

13. All Discovery Material designated CONFIDENTIAL shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action, and shall not be disclosed by the recipient to anyone other than those persons designated pursuant to this Order, unless and until the restrictions herein are removed by Order of the Court, or by written stipulation of the Parties subject to the approval of the Court.

14. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating Party a written notice stating with particularity the grounds of the objection or request. The designating Party will have five (5) days following the receipt of the notice to withdraw any disputed CONFIDENTIAL designation. If the designation is not withdrawn, the objecting person may move the Court for an order resolving the dispute. Any document that is the subject of a dispute over designation shall be treated as confidential pending the resolution of the objection.

15. Except upon consent of the designating Party or upon order of the Court, any and all materials designated CONFIDENTIAL produced, served or otherwise made available by the designating Party to another Party during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be used only for preparation and presentation of this action and for no other purpose whatsoever.

16. The restrictions on the use of materials designated as CONFIDENTIAL established by this Order are applicable only to the use by a Party of such materials received from another Party pursuant to this Order. A Party is free to use its own confidential materials which it produces to another Party in this litigation and/or materials which it obtains outside of this litigation in any way the producing Party desires, consistent with any existing restrictions on the use of such information. This Order is not intended to expand or limit a Party's right to make use of materials in the Party's possession prior to disclosure pursuant to this Order.

17. Materials designated CONFIDENTIAL that are filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. Marked on the outside of the sealed envelope filed with the Court shall be the title of the action, an identification of the document or thing within, and a statement substantially in the following form:

CONTAINS CONFIDENTIAL INFORMATION FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF [DATE]. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT OR BY STIPULATION OF THE PARTIES SUBJECT TO THE APPROVAL OF THE COURT.

18. Inadvertent disclosure of materials designated CONFIDENTIAL, without identifying the same as such, shall not be deemed a waiver of confidentiality with regard to similar information, nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed.

19. This Protective Order shall survive the termination of the litigation. Within sixty (60) days after final disposition of this action, all materials designated CONFIDENTIAL that have been served, or have been otherwise made available by the designating Party to another Party during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be destroyed or delivered to counsel for the designating Party. Notwithstanding the above, trial counsel of record at one law firm for each of the Parties may retain one copy of material designated CONFIDENTIAL to maintain a complete file of the litigation.

20. If Discovery Material designated CONFIDENTIAL is disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating Party, and, without prejudice to the rights and remedies of the designating Party, make every effort to prevent

further unauthorized disclosure on its own part or on the part of the recipient of such material.

21. Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the attorney work product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

22. Nothing herein is intended to or shall indicate agreement or create any inference that any material which could qualify for designation under this Order is discoverable by virtue of any provision contained herein, or that any Party from which such material is requested cannot assert any objection that may be applicable to production of such material.

23. In the event that a Party believes that it is prohibited by a previously existing agreement from producing any documents, those documents shall be described in sufficient detail on a log to allow the receiving Party to determine the nature of each document. This provision shall not prejudice any Party's right to move the court to compel production of said documents.

24. There shall be no waiver of any applicable privilege as a result of the inadvertent production of privileged Discovery Material. When any Party discovers that it has inadvertently produced Discovery Material for which it asserts a claim of privilege, such Party shall promptly notify in writing the Party to which such production has occurred and request return of the Discovery Material in question. If (i) the receiving Party has not yet reviewed the Discovery Material

in question, or (ii) the producing and receiving Parties agree that the Discovery Material in question is privileged on its face, then the receiving Party shall immediately return to the producing Party the Discovery Material in question and all copies or reproductions thereof, shall destroy all notes or other work product reflecting the contents of such material, and shall delete any electronic copies of such material. If, however, there is a good faith dispute as to the privileged nature of the Discovery Material in question, the receiving Party may retain one (1) copy of such Discovery Material to be maintained on an "outside counsel eyes only" basis for purposes of challenging the privileged nature of the document through an application to the Court; such application to the Court shall be made within five (5) business days of notification of the privilege claim by the producing Party. In making an application challenging the privileged nature of the document, the Parties shall not assert as a ground or rely upon in any manner the fact or circumstances of the inadvertent production.

25. Nothing in this Order shall be construed to prevent a Party from seeking such further provisions regarding confidentiality as may be appropriate.

26. Nothing in this Order shall be construed as a waiver by a Party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

27. This Order shall remain in effect after the final determination of this action, unless otherwise ordered by the Court.

28. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or person with respect to any Discovery Material. The fact that Discovery Material is designated as CONFIDENTIAL shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any Party to bring before the Court, after notice to, and opportunity for, the producing Party to respond, the question of: (i) whether any particular material is or is not confidential; (ii) whether any particular material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular material is or is not relevant to any issue of this case, provided that, in doing so, the Party complies with the foregoing procedures. The fact that any Discovery Material is disclosed or produced in discovery herein shall not be admissible or offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such material is confidential or proprietary.

Dated this 21st day of March, 2011.

| ATTORNEYS FOR HOUSEHOLD FINANCE CORPORATION III | ATTORNEYS FOR STEWART TITLE GUARANTY COMPANY |
|---|---|
| *s/ Bryan K. Nowicki* | *s/ James M. Lockhart* |
| Bryan K. Nowicki<br>bnowicki@reinhartlaw.com<br>Reinhart Boerner Van Deuren s.c.<br>22 East Mifflin Street, Suite 600<br>Madison, WI 53703<br>Telephone: 608-229-2200<br>Facsimile: 608-229-2100<br><br>J. Bushnell Nielsen<br>bnielsen@reinhartlaw.com<br>Reinhart Boerner Van Deuren s.c.<br>N16 W23250 Stone Ridge Drive, Ste 1<br>Waukesha, WI 53188<br>Telephone: 262-951-4500<br>Facsimile: 262-951-4690 | James M. Lockhart<br>jlockhart@lindquist.com<br>Jessica L. Meyer<br>jmeyer@lindquist.com<br>LINDQUIST & VENNUM P.L.L.P.<br>4200 IDS Center<br>80 South Eighth Street Minneapolis, MN 55402-2274<br>Telephone: (612) 371-3211<br>Fax: (612) 371-3207 |

## **ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED THAT the protections described above shall govern in this case.

DATED:    3/22/2011

```
                              s/ Peter Oppeneer
                          _____
                               Magistrate Judge
```

REINHART\6213611

<u>EXHIBIT A TO PROTECTIVE ORDER</u>

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

HOUSEHOLD FINANCE
CORPORATION III,

      Plaintiff,

   v.           Case No. 10-cv-751

STEWART TITLE GUARANTY
COMPANY,

      Defendant.

---

**AGREEMENT TO BE BOUND BY PROTECTIVE
ORDER REGARDING FEDERALLY PROTECTED AND
CONFIDENTIAL INFORMATION**

---

  I, _____, have read the PROTECTIVE ORDER

REGARDING FEDERALLY PROTECTED AND CONFIDENTIAL

INFORMATION filed _____, 2011, in the above-entitled action,

and I agree to be bound by the terms thereof.

  DATED:  _____

            _____
            (Signature)

14